Filed 1/27/16  P. v. Johnson CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MELVIN JOHNSON,<br><br>    Defendant and Appellant. | B264518<br><br>(Los Angeles County<br>Super. Ct. No. TA072027) |

APPEAL from an order of the Superior Court of Los Angeles County, Gary Y. Tanaka, Judge.  Affirmed.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Melvin Johnson appeals from the trial court's order denying his motion for resentencing as a misdemeanor on his robbery conviction (Pen. Code, § 211) under Proposition 47 (the "Safe Neighborhoods and Schools Act"). We affirm.

On October 14, 2013, defendant entered a plea of no contest to a charge of second degree robbery and was sentenced to two years in state prison. On April 6, 2015, defendant filed a petition under Proposition 47 for resentencing as a misdemeanor. The trial court denied the petition on the ground Proposition 47 is not applicable to a conviction for robbery. Defendant filed a timely notice of appeal.

This court appointed counsel to represent defendant on appeal. On December 21, 2015, appointed counsel filed a brief raising no issues, but requesting this court to independently review the record for arguable appellate contentions pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant was notified by letter of his right to file a supplemental brief within 30 days, but no brief has been received and the 30-day period has elapsed.

We have completed our review of the record and conclude appointed counsel has fulfilled her constitutional obligations. Misdemeanor resentencing under Proposition 47 is available to "[a] person currently serving a sentence for a conviction" under "Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code." (Pen. Code, § 1170.18, subd. (a).) Defendant is not eligible for resentencing under Proposition 47 because Penal Code section 211 is not among the offenses specified in Penal Code section 1170.18, subdivision (a). The trial court properly denied the petition for resentencing.

The judgment is affirmed.  (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.

We concur:


TURNER, P. J.


KUMAR, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.